```
              DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    Civil No. 2014-86
                                   )
THE VIRGIN ISLANDS WATER AND POWER )
AUTHORITY,                         )
                                   )
          Defendant.               )
                                   )
```

**ATTORNEYS:**

**Laura Jane Rowley**
**Myles E. Flint**
United States Department of Justice
Washington, D.C.
　　*For the plaintiff,*

**Mark Alan Kragel**
Bolt Nagi PC
St. Thomas, U.S.V.I.
　　*For the defendants.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of the United States to approve a proposed consent decree.

The Virgin Islands Water and Power Authority ("WAPA") owns and operates facilities that provide water and electricity to the people of St. Thomas and St. John. These facilities have permits as required under the Clean Air Act ("CAA").

*United States v. WAPA*
Civ. No. 14-86
Order
Page 2

The St. Thomas Facility (the "STTF") currently has permits to operate seven oil fired gas turbines. These turbines are used to generate electricity. The St. John Facility ("STJF") consists of a single diesel Engine.

Both facilities possess Title V permits. The STTF is also subject to the Prevention of Significant Deterioration ("PSD") provisions of the CAA.[1]

On November 10, 2010, the EPA issued two Notices of Violation for the STTF. On May 7, 2014, the EPA issued a Notice of Violation for the PSD provisions of the CAA. The EPA alleges that the defendants failed to comply with various environmental regulations.

On October 30, 2014, the United States brought suit in this Court. The Complaint included 19 different claims for relief. WAPA never filed an Answer. On September 24, 2015, the United States filed a "Notice of Settlement." *See* ECF No. 16.  The Notice of Settlement included a proposed consent decree for the Court's approval (the "consent decree"). *See id*. A motion to approve the consent decree was also filed with the Court.

---

[1] 42 U.S.C. §§7470-7492 establishes the rules for locations that have already attained the national standards for PSD and wish to create facilities that would increase the level of pollution in a given area.

On September 20, 2016, a hearing was held to address the motion to approve the consent decree. During that hearing, the Court expressed concerns about the consent decree. In particular, the Court raised the possibility of amending the consent decree to provide for quarterly evidentiary hearings informing the Court of WAPA's progress towards achieving compliance with the consent decree. The Court explained that experience has shown such hearings to be beneficial. The Court also proposed additional language that would grant the Court greater discretion when assessing penalties for failure to achieve compliance with the requirements of the consent decree.

During the hearing, the parties were asked to share their position. The United States summarized its position as follows:

> Attorney Hewlet: We would really like for it to be entered and the parties would go ahead and you won't have to see the parties again until the end where we just ask you to terminate the consent decree Your Honor.

*Transcript of Oral Argument on September 20, 2016*, at 4. The Court expressed some concerns with that approach and stated that "And it sounds like what you're saying the Court should just stamp this and get out of the way." *Id.* at 5. The AUSA replied, "Yes, Your Honor." *Id.*

*United States v. WAPA*
Civ. No. 14-86
Order
Page 4

    Whereas the Court respects the parties' agreement, there is no basis in law for the proposition that a Court should just "rubber stamp" a proposed consent decree. *See United States v. Jones & Laughlin Steel Corp.*, 804 F.2d 348, 351 (6th Cir. 1986)(before approving a consent decree "[a] trial court may review a consent decree to assure that it is fair, adequate, and reasonable, as well as consistent with the public interest."); *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1020 (8th Cir. 2002)(affirming the entry of a consent decree after determining that the consent decree was substantively fair and presented a reasonable allocation of legal responsibilities).

    The premises considered, it is hereby

    **ORDERED** that the Motion to Approve Consent Decree is **GRANTED** with the following exceptions:

1. Paragraph 63.a is not approved.

2. Paragraph 35 is approved provided that its provisions shall apply *unless otherwise ordered by the Court*;

    and it is further

    **ORDERED** that the parties shall abide by the following schedule:

> An evidentiary hearing shall be held on the fourth Monday of May, August, November, and February unless otherwise ordered by the Court. At the hearing, the parties shall be prepared to present such testimony and evidence as are necessary to


*United States v. WAPA*
Civ. No. 14-86
Order
Page 5

        apprise the Court fully of the status of the Consent Decree; and it is further

                                      S_____
                                    **CURTIS V. GÓMEZ**
                                    **District Judge**