```
               DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   Civil No. 2014-86 |
| | ) |
| THE VIRGIN ISLANDS WATER AND POWER | ) |
| AUTHORITY, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**ATTORNEYS:**

**Laura Jane Rowley**
**Myles E. Flint**
United States Department of Justice
Washington, D.C.
    *For the plaintiff,*

**Mark Alan Kragel**
Bolt Nagi PC
St. Thomas, U.S.V.I.
    *For the defendants.*

## ORDER

**GÓMEZ, J.**

The Virgin Islands Water and Power Authority ("WAPA") owns and operates facilities that provide water and electricity to the people of St. Thomas and St. John. These facilities have permits as required under the Clean Air Act, 42 U.S.C. § 7401 *et seq.* ("CAA").

The St. Thomas Facility (the "STTF") currently has permits to operate seven oil fired gas turbines. The turbines are used

*United States v. WAPA*
Civ. No. 14-86
Order
Page 2

to generate electricity. The St. John Facility consists of a single diesel Engine.

On November 10, 2010, the EPA issued two Notices of Violation for the STTF. On May 7, 2014, the EPA issued a Notice of Violation for the Prevention of Significant Deterioration ("PSD") provisions of the CAA.[1] The EPA alleges that the defendants failed to comply with various environmental regulations.

On October 30, 2014, the United States filed a complaint against WAPA in this Court. The Complaint included 19 different claims for relief. WAPA never filed an Answer. On September 24, 2015, the United States filed a "Notice of Settlement." *See* ECF No. 16. The Notice of Settlement included a proposed consent decree for the Court's approval (the "consent decree"). *See id*. A motion to approve the proposed consent decree was also filed with the Court.

On September 20, 2016, a hearing was held to address the motion to approve the proposed consent decree. During that hearing, the Court raised the possibility of amending the proposed consent decree to provide for quarterly evidentiary

---

[1] 42 U.S.C. §§7470-7492 establishes the rules for locations that have already attained the national standards for PSD and wish to create facilities that would increase the level of pollution in a given area.

*United States v. WAPA*
Civ. No. 14-86
Order
Page 3

hearings, at which hearings the parties would advise the Court of WAPA's progress towards achieving compliance with the consent decree. The parties were provided with an opportunity to be heard on the issue of whether to amend the proposed consent decree. Thereafter, on September 30, 2016, the Court entered a consent decree, which required quarterly evidentiary hearings.

The premises considered, it is hereby

**ORDERED** that not later than one week before each scheduled quarterly evidentiary hearing, the parties shall inform the Court through an ECF filing whether WAPA is in compliance with the current timetable for the decree. The parties shall also advise the Court on whether the upcoming quarterly hearing has been obviated by WAPA's compliance with the consent decree.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**